UNITED STATES of America

v.

**Geane DOBY, et al.**

**Hammond Crim. No. HCR 87–65.**

United States District Court,
N.D. Indiana,
Hammond Division.

July 21, 1987.

light of the cases cited in the above text granting this district court broad discretion, is reluctant to so find.

in a three-count conspiracy, 18 U.S.C. § 371, indictment for allegedly committing arson, 18 U.S.C. § 1341. Doby was named only in the conspiracy and arson counts of the indictment. Count II of the indictment (the arson count) alleges that:

> On or about July 20, 1985, in the Northern District of Indiana,
>
> GEANE DOBY,
>
> MOHAMAD S. SHAKER, and
>
> RICKY S. GIBSON,
>
> defendants herein, did maliciously damage and destroy, by means of fire and explosives, real property located at 629 Madison Street in Gary, Indiana, resulting in the death of Nicholas E. Grubich, which real property was used in interstate commerce and was used in activity affecting interstate commerce;
>
> All in violation of Title 18, United States Code, Section 844.

In his motion to dismiss, Doby argues that the Government's indictment fails to invoke federal jurisdiction because there is "no allegation of any fact upon which there could be found probable cause to believe that the property located at 629 Madison Street, Gary, Indiana, was used in interstate commerce or in an activity affecting interstate commerce." In response, the Government does not directly respond to Doby's jurisdictional argument; instead, the Government asserts that the present indictment is valid in that it provides Doby "with a sufficient description of the offense[ ] charged so that [Doby] will be able to prepare a defense."

The court notes initially that the present indictment meets the "notice" requirements necessary to inform Doby of the charge against him so he can prepare an adequate defense.[1] However, Doby is not challenging the indictment on an inade-

Gwen R. Rinkenberger, Asst. U.S. Atty., Hammond, Ind., for plaintiff.

Dock McDowell, Jr., Gary, Ind., for defendant.

## ORDER

MOODY, District Judge.

This matter is before the court on several motions filed by defendant Geane Doby on June 30, 1987. The United States ("Government") filed responses to all of Doby's motions on July 8 and 9, 1987.

### I.

#### Motion to Dismiss Indictment

On May 22, 1987, defendant Doby, along with two co-defendants, was named

---

1. " 'The validity of an indictment is to be tested by a reading of the indictment as a whole. An indictment is sufficient if it, first, alleges the elements of the offense charged and fairly informs a defendant of the charge against him ... [so that he can prepare a defense] and, second, enables the defendant to plead an acquittal or conviction in bar of future prosecutions.' " *United States v. Johnson*, 805 F.2d 753, 758 (7th Cir.1986) (quoting *United States v. Watkins*, 709 F.2d 475, 478 (7th Cir.1983)). Based on this standard, the court finds that the indictment here satisfies the "notice" function.

quate notification basis, his challenge is more fundamental; he asserts that the Government has failed properly to invoke this federal court's subject matter jurisdiction. In support of his argument, Doby relies principally on *United States v. Mennuti*, 639 F.2d 107 (2d Cir.1981). The district court in *Mennuti* dismissed, on the basis of subject matter jurisdiction, an indictment alleging a violation of § 844(i) on the ground that the subject properties, which were private residences, were not used in or had any affect on interstate commerce. On appeal, the Second Circuit affirmed the district court's dismissal. The court of appeals reviewed the legislative history of the § 844(i) and reasoned that only business-related properties fell within the ambit of the statute. The Second Circuit stated: "To the ordinary mind, the destruction of two private dwellings would not constitute the destruction of buildings used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *Id.* at 109.

The Seventh Circuit, in *United States v. Zabic*, 745 F.2d 464 (7th Cir.1984), addressed this very same jurisdictional issue in an indictment alleging a violation of § 844(i). The *Zabic* court was faced with a post-conviction objection by the defendant arguing that the district court lacked subject matter jurisdiction because the target property was not covered by the statute. *Id.* at 469. Defendant *Zabic* relied on *Mennuti* as support for his position. *Id.* In affirming the conviction, the *Zabic* court followed and adopted the private v. business distinction[2] made in Mennuti. The court stated:

Zabic completely overlooks the fact that in *Mennuti*, the property in question consisted of private residential "dwelling houses which were not being used for any commercial purpose at all." In the instant case, the building in issue is a 43–unit rental apartment building used exclusively for commercial purposes by its owner Ivan Buljubasic, not a private dwelling used for residential purposes. *Zabic*, 745 F.2d at 469–70. (citation omitted).

After finding that rental property qualified as "business property" for purposes of § 844(i), the court in *Zabic* then held that a supply of natural gas from an out-of-state source constituted a sufficient interstate-commerce nexus. *Id.* at 470–71 and n. 4. Based on these two findings, the court concluded that subject matter jurisdiction was proper under § 844(i). *Id.* at 471.

In the present case, Doby's indictment is similar to the ones in *Mennuti* and *Zabic*; it sufficiently alleges all the elements of a violation of § 844(i).[3] But, Doby points out, the indictment does not set out any facts to support the allegations that the subject property was a business property or that it affected interstate commerce. The court agrees, there are no such facts. However, because this matter is before the court on a motion to dismiss, the allegations in the indictment must be taken as true. *United States v. Sampson*, 371 U.S. 75, 78–79, 83 S.Ct. 173, 175, 9 L.Ed.2d 136 (1962); *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16, 72 S.Ct. 329, 332 n. 16, 96 L.Ed. 367 (1952); *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir.1986). Doby has not offered any proof to contradict or even denied these allega-

---

**2.** Recently, the Supreme Court, in construing the jurisdictional scope of § 844(i), adumbrated that even private residences might be covered by the statute. In *Russell v. United States*, 471 U.S. 858, 862, 105 S.Ct. 2455, 2457, 85 L.Ed.2d 829 (1985), the Court stated: "In sum, the legislative history suggests that Congress at least intended to protect all business property, as well as some additional property that might not fit that description but perhaps not every private home."

**3.** In order to prove that Doby violated § 844(i), the Government must prove beyond a reason-

able doubt the following essential elements: First, that the defendant set fire to or used an explosive to damage or destroy, or in an attempt to damage or destroy property; second, that the property was used in or affecting interstate or foreign commerce; third, that the defendant acted maliciously; and fourth, that the destruction or attempt to destroy the property resulted in death to any other person. *See United States v. Zabic*, 745 F.2d 464 (7th Cir.1984); *United States v. Agrillo-Ladlad*, 675 F.2d 905 (7th Cir. 1982); 1 Sand, Siffert, Longhlin & Pees, *Modern Federal Criminal Instructions* ¶ 30.01 (1984).

tions in the indictment; in fact, all he has done is note the absence of supporting facts.

Therefore, having found that the indictment sufficiently informs Doby of the offense charged against him and given the early stage of the proceedings, the court finds that Doby's Motion to Dismiss the Indictment should be DENIED.[4]

## II.

## Motion for Additional Discovery and Motion for Immediate Production of Exculpatory Material

█ Doby seeks an order from the court directing the Government to disclose any exculpatory material and impeaching information of potential Government witnesses. In its response, the Government represents to the court that it has no exculpatory evidence, however, it acknowledges its continuing obligation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), to disclose such evidence in the future. The Government correctly points out that the *Brady* rule is not a rule of discovery, *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir.), *cert. denied*, 469 U.S. 1020, 105 S.Ct. 438, 83 L.Ed.2d 364 (1984). *United States v. Winner*, 641 F.2d 825, 833 (10th Cir.1981), and it does not create or broaden any pretrial discovery privileges already in force under the Federal Rules of Criminal Procedure. *Navarro*, 737 F.2d at 631; *United States v. Flores*, 540 F.2d 432, 438 (9th Cir.1976). Thus, there is no obligation on the Government to disclose neutral or inculpatory evidence to defendant. *United States v. Little*, 753 F.2d 1420, 1440–41 (9th Cir.1984); *United States v. McClintock*, 748 F.2d 1278, 1287 (9th Cir. 1984).

█ Actually, Doby's motions are redundant and wasteful of the court's time. *Brady* is a judicial remedy for an error of constitutional magnitude. When the prosecution fails to divulge material evidence of an exculpatory nature, the defendant's right to due process is violated. The constitution requires the prosecution to observe this right with vigilance: a court order is unnecessary because the duty to protect the right already exists. An order to produce *Brady* materials makes as little sense as an order to preserve the accused's right to be free from unreasonable searches and seizures. Instead, once a search-and-seizure or due-process violation occurs, the exculsionary rule and the *Brady* doctrine provide remedies.

█ There is no need for the defendant to preserve his *Brady* objection for purposes of appeal. "Under *Brady* and its progeny, the prosecution's suppression of material evidence favorable to the defendant, *even if such evidence is not requested by the accused*, is a violation of due process." *United States v. Jackson*, 780 F.2d 1305, 1308 (7th Cir.1986) (emphasis added) (citing *United States v. Allain*, 671 F.2d 248, 255 (7th Cir.1986) (citing *Agurs*, 427 U.S. 97, 96 S.Ct. 2392)).

Defendant's motion does not contain any specific requests, rather, it asks for "any" exculpatory evidence without reference to a particular witness or specifying a particular document. The court finds that defendant's motion is fairly characterized as what the Supreme Court termed a "general request," one which asks for " 'all Brady material' or for 'anything exculpatory.' " *Agurs*, 427 U.S. at 107–08, 96 S.Ct. at 2399. A general request is treated as if no request were made, for it gives the Government no better notice than if no request were made. *Id.*

█ In the case at bar, given the early stage of the proceedings[5] and because de-

---

4. If, at trial, the Government fails to substantiate its jurisdictional allegations, the court will dismiss the arson claim for lack of subject matter jurisdiction.

5. Neither *Brady* nor *Agurs* imposes a general requirement of pretrial disclosure of exculpato-

ry material. A prosecutor should be able to satisfy his constitutional obligation to reveal exculpatory evidence by disclosure at trial. W. LaFave & J. Israel, *Criminal Procedure* § 19.5(e) at 760 (1985).

fendant has made only a general request and the Government has assured the court that it has no such evidence at this time, while acknowledging its continuing duty to disclose *Brady* material in the future, the court finds that defendant's motion should be denied.

■ It is possible that the court could conduct an *in camera* inspection of the Government's files in an effort to satisfy itself that there is in fact no exculpatory evidence. But because defendant has made a general request, he is only speculating that the Government has such evidence. Mere speculation that a Government file may contain *Brady* material is not sufficient to require an *in camera* inspection by the court. *Navarro*, 737 F.2d at 631. Moreover, defendant has offered nothing to rebut the Government's explicit representation to the court that it has no such evidence. *Id.* at 632. The court understands that it is difficult for defendant to prove the existence of such evidence in the Government's files when he is not allowed to see it, *id.* at 637 (Cudahy, J., dissenting), however, because of the pretrial posture of this case and the non-specific nature of defendant's request,[6] the court declines to conduct an *in camera* inspection at this time. There will be ample opportunity at trial, upon a timely motion by defendant, for the court to make an *in camera* inspection if necessary. W. LaFave & J. Israel, *Criminal Procedure* § 19.5(e) at 760 (1985).

As for the remainder of defendant's requests, those concerning impeaching information of potential Government witnesses, the court holds that these requests are governed by the terms of the Jencks Act, 18 U.S.C. § 3500.

■ Recently, the Seventh Circuit in *United States v. Allen*, 798 F.2d 985 (7th Cir.1986), set out a detailed and exhaustive analysis of the procedures and requirements for disclosure under the Jencks Act. Although this Act makes certain witness statements discoverable, defendant's re-

quest for such material before trial is premature. The Act explicitly bars such discovery until a witness has actually testified on direct examination in the trial. The Act provides in part:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*

18 U.S.C. § 3500(a) (emphasis added).

■ Additionally, the court notes that the majority of defendant's requests are too broad and thus lack the specificity and particularity necessary for a pretrial request under the Act. As the Seventh Circuit held in *Allen:*

> [T]he Act requires that a defendant first meet the burden of specifying with reasonable particularity (normally by his cross-examinaiton at trial), that a certain document exists, that there is a reason to believe that the document is a statutory 'statement,' and that the Government failed to provide it in violation of the Act.

798 F.2d at 996 (quoting *United States v. Robinson*, 585 F.2d 274, 281 (7th Cir.1978) (*en banc*)). Defendant here has failed to specify with the requisite particularity the existence and nature of any Jencks material. Therefore, based on the reasons discussed above, Doby's motions are hereby DENIED.

## III.

### Motion for Relief from Prejudicial Joinder

Doby seeks an order severing him from his two codefendants in the indictment and separating him for trial purposes. In the main, Doby argues that:

(1) He is not charged under Count III of the indictment (mail fraud);

---

**6.** Judge Cudahy's dissent in *Navarro* explicitly emphasized the *"specific"* nature of the defend-

ant's request. 737 F.2d at 636.

(2) If tried jointly with two other defendants he will be severely prejudiced due to the confusion created by the number of co-defendants and their probable conflicting defenses;

(3) The facts and circumstances giving rise to the allegations against Doby do not arise from the same transaction or set of facts underlying the charges against his two co-defendants;

(4) The alleged prejudicial affect of co-conspirators statements; and

(5) Inability to call co-defendants as witnesses in this trial if they refuse to take the stand to testify on their behalf.

Initially, the court notes that the Government's decision to join Doby and his co-defendants is proper under Fed.R.Crim.P. 8. Rule 8(b) provides:

> *Joinder of defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. *Such defendants need not be charged in each count.*

Fed.R.Crim.P. 8(b) (emphasis added).

Rule 8, which has as its goal the enhancement of the efficiency of the judicial process, *United States v. Isaacs*, 493 F.2d 1124, 1158 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974), strikes a balance between each defendant's right to have his own guilt considered separately and the practical benefit to the Government and the court of a consolidated proceeding. *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir.1982) (citing *United States v. Martinez*, 479 F.2d 824, 927–28 (1st Cir.1973)). The test for proper joinder is whether the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions." Fed.R.Crim.P. 8(b).

■ In the instant indictment, Doby, along with Shaker and Gibson, is named in two counts accusing him of conspiring with Shaker and Gibson to commit the substantive offense of arson. Because the indictment charges each defendant with arson and then links that offense with a general conspiracy charge, the Government's decision to join the defendants under Rule 8(b) is proper. *See United States v. Vanichromanee*, 742 F.2d 340 (7th Cir.1984); *United States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983); *United States v. Garza*, 664 F.2d 135, 142 (7th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1620, 71 L.Ed.2d 854 (1982). As the rule expressly provides, the fact that Doby is not named in the mail fraud count does not defeat joinder. Fed. R.Crim.P. 8(b).

■ Doby argues that he should be severed pursuant to Fed.R.Crim. 14 because of undue prejudice. Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance, the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14. Motions to sever are committed to the sound discretion of the trial court. *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. Oxford*, 735 F.2d 276, 279 (7th Cir.1984); 1 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 227 at 854 (2d ed. 1982). In exercising its discretion, the court must give due deference to the strong public interest in having persons jointly indicted tried together, especially where the evidence against the defendants arose out of the same act or series of acts. *United States v. Percival*, 756 F.2d 600 (7th Cir.1985); *United States v. Tedesco*, 726 F.2d 1216 (7th Cir.1984); *United States v. Papia*, 560 F.2d 827, 836–37 (7th Cir. 1977). In exercising its discretion, the

court holds that a joint trial is proper in this case.

First, the court disagrees with Doby's assertion that the facts and circumstances giving rise to the allegations against him do not arise out of the same set of facts underlying the charges against his co-defendants. As noted previously, joinder was proper in this case because the defendants allegedly "participated in the same act or transaction or in the same series of acts or transactions constituting an offense." Fed.R.Crim.P. 8(b).

Second, as for Doby's concern about possible prejudice, the court observes that the test for severance in such a situation is whether the jury can follow the evidence at trial as it relates to each defendant and whether they can follow any limiting instructions the court may give. *United States v. Hendrix*, 752 F.2d 1226, 1232–33 (7th Cir.1985); *Cavale*, 688 F.2d at 1108. Here, all three defendants are named in the first two counts of the indictment while only defendant Shaker is named in the third count. The evidence on the first two counts will obviously be similar and will relate to all defendants. The court finds any risk of "spill over" or other prejudice from the third count is minimal and can be adequately handled at trial with the proper limiting instructions to the jury.

Third, Doby argues that he and his co-defendants may raise conflicting defenses which might result in undue prejudice. "In this circuit, severance is required because of 'mutually antagonistic defenses' only when the defenses are so antagonistic that the 'acceptance of one party's defense will preclude the acquittal of the other.'" *Hendrix*, 752 F.2d at 1232 (quoting *United States v. Ziperstein*, 601 F.2d 281, 285 (7th Cir.1979), *cert. denied*, 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980)). It is not enough for a defendant to show the mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating another. *Id.* The court finds that Doby's mere speculation that his defense may be antagonistic to his codefendants is not sufficient to warrant separate trials.

And, finally, Doby seeks severance because of the possible prejudice resulting from incriminating statements made by his codefendants at a joint trial. In particular, Doby makes reference to statements made by co-defendant Gibson. Doby argues that he will not be able to cross-examine Gibson at a joint trial if Gibson refuses to take the stand. The court finds that Doby's claims of prejudice on these grounds do not necessitate severance.

Fed.R.Evid. 801(d)(2)(E) provides that a statement is admissible if it is made by a co-conspirator during the course and in furtherance of the conspiracy. The Seventh Circuit has held that "in order to meet the [admissibility requirements of Rule 801], the government must prove, by a preponderance of independent evidence, which is not hearsay, that the conspiracy existed, that the defendant and the declarant were members of the conspiracy and that the offered statement was made during the course of and in furtherance of the conspiracy." *United States v. Boucher*, 796 F.2d 972, 974 (7th Cir.1986) (citing *United States v. Santiago*, 582 F.2d 1128, 1135 (7th Cir.1978)); *see also United States v. Rovetuso*, 768 F.2d 809, 821 (7th Cir.1985), *cert. denied*, 474 U.S. 1076, 106 S.Ct. 838, 88 L.Ed.2d 809 (1986); *United States v. Gironda*, 758 F.2d 1201, 1217 (7th Cir.), *cert. denied*, 474 U.S. 1004, 106 S.Ct. 523, 88 L.Ed.2d 456 (1985).

The court holds that these admissibility requirements (commonly referred to, in this circuit, as the *Santiago* rule) will adequately protect Doby from any undue prejudice. *Bourjaily v. United States*, —— U.S. ——, ——, 107 S.Ct. 2775, 2779, 97 L.Ed.2d 144 (1987). Any co-conspirator statements which the Government intends to introduce at trial will be admitted subject to the *Santiago* rule; if the Government fails its burden under that rule, the court will either declare a mistrial or issue an appropriate limiting instruction, depending on the degree of damage done by the declarations admitted. *United States v. Coe*, 718 F.2d 830, 837 (7th Cir.1983). Accordingly, Doby's motion for severance is hereby DENIED.

## IV

### Motion to Suppress

Finally, Doby seeks to suppress the presentation of certain evidence at trial. Although his motion is styled a "Motion to Suppress," the court agrees with the Government that most of his motion is more properly considered as a motion in limine.

Doby first asks for an order directing the Government to make no reference to three prior convictions. In its response, the Government agrees not to mention, for any purpose, Doby's prior convictions from the years 1972 and 1974. Given the Government's agreement not to refer to those convictions, the court finds that the need for an order by the court is obviated.

However, with regard to Doby's 1986 conviction for the transfer and sale of firearms, the Government correctly maintains that evidence of that conviction is potentially admissible for impeachment purposes under Fed.R.Evid. 609. The court agrees and will not rule on its prospective admissibility at this early stage.

Doby also seeks the suppression of statements made by his co-conspirators. In essence, Doby is renewing the argument he made in Part III of this order concerning the potential prejudice caused by the admissibility of statements made by his co-conspirators. For the same reasons given in Part III of this order, the court finds that Doby's motion should be DENIED.

Doby next requests a ruling by the court on the admissibility of any evidence relating to:

a. His knowledge of automobile thefts and/or arsons which offenses have not been reduced to convictions and/or do not comply with federal rules of evidence.

b. Alleged failure to report income as required by law.

c. Alleged selling and stripping of stolen automobiles.

d. Alleged alteration of vehicular identification numbers on stolen automobiles.

e. His involvement in, knowledge of, and/or participation in the stealing, alteration and/or modification of stolen personalty, and in particular automobiles.

f. The condition and/or state of, and in particular the presence or absence of stolen property and/or vehicles at DOBY'S business, known as BIG B'S TOWING at 4846 Indianapolis Boulevard, East Chicago, Indiana.

Doby argues that evidence relating to the circumstances outlined above should be found inadmissible as "evidence of other crimes not charged or reduced to conviction." Doby does not describe the nature or circumstances surrounding these acts nor does he provide any support, apart from a passing invocation of Fed.R.Evid. 404(b), for their exclusion at trial.

"A district court has broad authority to control the admission of evidence" at trial. *United States v. Harbour*, 809 F.2d 384, 387 (7th Cir.1987) (quoting *United States v. Rovetuso*, 768 F.2d 809, 815 (7th Cir.1985), cert. denied, 474 U.S. 1076, 106 S.Ct. 838, 88 L.Ed.2d 809 (1986)); *see also United States v. Swiatek*, 819 F.2d 721, 726–727 (7th Cir. 1987). If issues concerning impeachment material and evidence of prior acts arises during the course of trial, the court will hold a hearing, if necessary, outside the presence of the jury where an offer of proof can be made. In this circuit, evidence of other bad acts is admissible under Fed.R.Evid. 404(b) if:

(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue ..., (3) the evidence is clear and convincing, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Swiatek*, at 726 (quoting *United States v. Shackleford*, 738 F.2d 776, 779 (7th Cir. 1984)). Accordingly, defendant's motion for a separate pretrial hearing on the ad-

missibility of this type of evidence is hereby DENIED.

 Lastly, Doby seeks the suppression of his own statements made to Government investigators on the basis of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[7] Specifically, Doby alleges that statements he made to investigators on or about December 9, 1985 and during the period from June to August of 1985 should be suppressed because they were given involuntarily while under duress. Not surprisingly, the Government denies the involuntary nature of Doby's statements and asserts that circumstances surrounding his statements did not constitute "custody" for purposes of *Miranda*.

It appears that Doby is seeking a hearing on his suppression motion pursuant to Fed.R.Crim.P. 12(b)(3) and (c). It is a well-established rule in this circuit that the burden is on the movant to make specific factual allegations of illegality in order to establish a basis for his motion to suppress. *United States v. Longmire*, 761 F.2d 411, 416–17 (7th Cir.1985) (citing *United States v. Madison*, 689 F.2d 1300, 1308 (7th Cir. 1982)).[8] In his motion, Doby has not provided the court with any facts describing the circumstances (time, place and manner) surrounding his statements to investigators. Doby merely states in conclusory fashion that he was "coerced," "cajoled," and "subjected to undue influence." Doby does not share with the court where all this took place, who was present, who initiated the conversation, whether he was free to leave (if not, why), etc.

Without more specific factual allegations concerning the alleged illegality of his statements to investigators, the court concludes that Doby is not entitled to a hearing.

### CONCLUSION

Based on the foregoing discussion, the court now ORDERS that Doby's:

(1) Motion to Dismiss Indictment;

(2) Motion for Additional Discovery;

(3) Motion for Immediate Production of Exulpatory Material;

(4) Motion for Relief From Prejudicial Joinder; and

(5) Motion to Suppress

are all hereby DENIED.

---

7. Doby actually invoked the Indiana Constitution as well as the United States Constitution in support of his motion.

8. "It is only once the defendant establishes a basis for his motion to suppress that the burden shifts to the government to prove by a preponderance of the evidence that the statement was given voluntarily." *Madison*, 689 F.2d at 1308 (citing *United States v. Williams*, 604 F.2d 1102, 1125 (8th Cir.1979)).