UNITED STATES of America, Plaintiff,

v.

Damon Lamar STARKS, Defendant.

No. Crim. 99–353RHKJMM.

United States District Court,
D. Minnesota.

May 1, 2000.

Paul Murphy, Chief Criminal Division, Wilhelmina M. Wright, Assistant U.S. Attorneys, U.S. Attorney's Office, Minneapolis, MN, for the Government.

Andrew H. Mohring, Scott Tilsen, Assistant Federal Public Defenders, Federal Public Defender's Office, Minneapolis, MN, for defendant.

## ORDER

KYLE, District Judge.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge John M. Mason dated April 6, 2000. No objections have been filed to that Report and Recommendation in the time period permitted.

Based upon the Report and Recommendation of the Magistrate Judge, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Defendant's "Motions to Suppress Statements, Admissions and Answers and Searches and Seizures II" [Docket Nos. 38 and 39] are denied.

## REPORT AND RECOMMENDATION

MASON, United States Magistrate Judge.

Defendant Damon Lamar Starks ("Defendant") is charged with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). The matter came before the Court on April 3, 2000, for hearing on Defendant's "Motions to Suppress Statements, Admissions and Answers and Searches and Seizures II." [Docket Nos. 38 and 39]. Scott Tilsen, Esq. appeared on behalf of the Defendant; Paul Murphy, Esq., Assistant U.S. Attorney, appeared on behalf of the Government.

For the reasons stated in the Findings of Fact/Report, this Court recommends that Defendant's Motions to Suppress Statements, Admissions and Answers and Searches and Seizures II [Docket Nos. 38 and 39] be denied.

## FINDINGS OF FACT/REPORT

This matter was previously before the Court on Motions of Defendant. By Report and Recommendation dated January 20, 2000, [Docket No. 28] this Court recommended that the District Court deny Defendant's Motions to Suppress Statements, Admissions and Answers [Docket No. 18]; to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 19]; to Suppress Eyewitness Identification [Docket No. 20] and to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 21]. By Order dated March 21, 2000, the District Court concluded that these Motions were properly denied, but remanded the matter to this Court for proceedings in accordance with that Order. [Docket No. 36]. On March 22, 2000, this Court issued an Order permitting Defendant to file supplemental Motions for the suppression of evidence, supported as required by the law [Docket No. 37]. In that Order, this Court had stated its opinion that "Defendant seeks to suppress evidence of a weapon and a small amount of crack cocaine seized during the arrest of Defendant, statements attributed to him during the course of his arrest, and statements allegedly made by him [at some time] during custodial, post-arrest interrogation." (De-

fendant's Motions had failed to specify what evidence was at issue. This conclusion was drawn from remarks by counsel for Defendant at oral argument on January 18, 2000. [Docket No. 32, p. 7].)

After remand, Defendant filed the instant Motions which are now before the Court. His current Motion states as follows:

"Mr. Starks, through counsel, respectfully renews his motion to suppress statements attributed to him and the seizure of the weapon underlying the charge in the indictment. We contest the legality of the seizure of this weapon and of the search that preceded it. In addition, two collections of statements are at issue: Statements attributed to Mr. Starks during his October 27, 1999, arrest and statements obtained during custodial interrogation the following day."

This statement appears to withdraw any desire to contest the admissibility of the "small amount of crack cocaine" which Defendant's counsel had described at the January 18, 2000 oral argument. At oral argument on April 3, 2000, however, counsel for Defendant stated that this evidence did remain at issue.[1]

■ In its remand Order, the District Court made reference to the fact that issues were raised with the District Court which had not been presented to this Court. These issues were raised in the context of Defendant's Memorandum In Support of Objections [Docket No. 34]. In its Memorandum accompanying the Arraignment Order, this Court had stated:

"I.  SPECIFICITY REQUIREMENT

Motions seeking to suppress evidence must clearly specify the evidence and statements which are sought to be suppressed, articulate the grounds upon which it is urged that each item of challenged evidence should be suppressed, and substantiate why an evidentiary hearing is required."

The Memorandum goes on to provide citations to legal authorities which support this requirement, and it explains the common sense reasons for the requirement.

In his objections to the District Court, Defendant had characterized this reminder as an "experimental specificity requirement" and had argued that "The Specificity Requirement Is Unlawful." He also argued that it was part of "a course of self-described experimentation with pre-trial motions procedures in those criminal cases assigned to" this Court. Defendant had not presented these arguments when he was initially before this Court, and he did not assert these arguments in his written pleadings upon remand. At oral argument, counsel for Defendant was nonetheless allowed to present such arguments as he wished on this topic.

The so-called "specificity requirement" is not something new or experimental, as counsel for Defendant acknowledged at oral argument. The language quoted has been a part of the Arraignment Orders of this Court for a number of years. More important, it is not even a requirement adopted by this Court. The quoted language merely calls attention to the holdings of the Court of Appeals and District Courts.[2]

The pleading requirements are based upon the common sense idea that the beginning point of any Motion to Suppress should be to specify the evidence the party seeks to suppress. For example a motion might specify that it seeks to suppress evidence of "a statement made by defendant on January 15, 2000, at approximately 2:00 p.m.," or "the weapon seized by the government on January 15, 2000." After doing so, the party is

---

1. This confusion provides another illustration of the need for enforcement of the requirement that a party specify the evidence which is at issue.

2. This Court has experimented as to a different matter. It now routinely Orders that disclosures under the Jencks Act, Rule 404, and *Brady* be made three days prior to trial, and that Government agents retain their rough notes. This is done because defendants routinely make motions seeking this result, and because the Government

routinely acquiesces. Rather than have the parties waste the time of motions and responses to establish this, the Arraignment Order requires it, subject to modification by motion if a party objects for specific reasons. (That experiment is by no means a complete success. Some attorneys continue to file "boilerplate" motions seeking the relief which we have already made part of our Order—as Defendant did in this case. *See* Docket Nos. 14, 16 and 17.)

properly expected to state the legal and factual grounds upon which it is urged that the evidence should be suppressed. For example: "The statement was made in response to interrogation, while the defendant was in custody, but no *Miranda* warning was given," or "the weapon was seized without a warrant, from the closet of defendant's apartment, a location in which defendant had a reasonable expectation of privacy, thus violating rights under the Fourth Amendment."

If the moving party concludes that an evidentiary hearing is required in order to resolve the legal issues raised by its pleading, the motion must be "sufficiently definite, specific, detailed and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search [or seizure] are in question." *United States v. Losing*, 539 F.2d 1174, 1177 (8th Cir.1976), *cert. denied*, 434 U.S. 969, 98 S.Ct. 516, 54 L.Ed.2d 457 (1977) (quoting *United States v. Ledesma*, 499 F.2d 36, 39 (9th Cir.)), *cert. denied* 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974). *Accord, United States v. Mims*, 812 F.2d 1068, 1074 (8th Cir.1987) (In *Mims* the court also held: "A hearing is also unnecessary if it can be determined that suppression is improper as a matter of law.")

Numerous cases from other jurisdictions reach the same conclusion which has been reached in this Circuit. E.g. *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir.), *cert. denied*, 519 U.S. 1047, 117 S.Ct. 623, 136 L.Ed.2d 546 (1996) (an evidentiary hearing is required only if the defendant's moving papers demonstrate a colorable claim for relief); *United States v. Sophie*, 900 F.2d 1064, 1071 (7th Cir.1990), *cert. denied*, 498 U.S. 843, 111 S.Ct. 124, 112 L.Ed.2d 92 (1990) ("An evidentiary hearing is necessary only if

the party requesting the hearing raises a significant, disputed factual issue."); *United States v. Lewis and Starks*, 40 F.3d 1325, 1332 (1st Cir.1994).[3]

Counsel for Defendant properly emphasizes the importance of the issues of process which are a part of pretrial activity in criminal cases. The Court has an important duty to insure that the conduct of the Government is in conformity with constitutional requirements. In its argument on its current Motion, however, Defendant is eager for the Court to get at the "substance" of his motion, and considers the duty to comply with specificity rules to be a technical procedure which gets in the way of presenting the substance of those arguments. "But legal technicalities are the stuff of law, and piercing through a particular substance to get to procedures suitable to many substances is in fact what the task of law most often is." Alexander M. Bickel, *The Morality of Consent*, p. 121, Yale University Press, 1975. Courts do not consider a defendant's guilt or innocence until they have applied important procedural requirements. It is also appropriate that Courts require parties to comply with procedural requirements before the substance of their Motions is considered.

The requirements are not difficult to meet, and compliance serves the parties as well as the Court. As we noted in the Memorandum accompanying the disputed Order:

> There are many reasons for requiring motions to be specific. If the moving papers meet the required standards, it enables the Government to determine whether it wishes to present evidence in response to the motion, and it enables the Court to determine whether it requires evidence in

3. In *Lewis and Starks*, the Court explained: "As a preliminary matter, we note that the district court is entrusted with deciding whether to hold an evidentiary hearing and we will not overrule the refusal to convene an evidentiary hearing unless the district court is shown to have abused its discretion. *United States v. McAndrews*, 12 F.3d 273, 280 (1st Cir.1993). Lewis and Starks have made no such showing. "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." *United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir.1990) (citations omitted). Evidentiary hearings on motions to suppress are

required only when a defendant makes a sufficient showing that a warrantless search has occurred. *United States v. Migely*, 596 F.2d 511, 513 (1st Cir.), *cert. denied*, 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313 (1979). To make this showing "[t]he defendant must allege facts, 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" *Id.* (quoting *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967)). The defendant must allege facts that, if proven, would entitle him to relief. *Migely*, 596 F.2d at 513."

order to resolve the questions presented. If the Court were to require an evidentiary hearing where a suppression motion lacks the requisite specificity, evidence would have to be offered concerning a wide range of hypothetical situations which are not even in dispute. This is of no benefit to the parties, and unnecessarily consumes time of counsel, witnesses, court personnel and the Court.

The good sense of the required process is illustrated by the facts of this case. It has not been possible to learn from Defendant's pleadings precisely what evidence is at issue. Defendant's pleadings had failed to specify the physical evidence which Defendant sought to suppress by the time of the first hearing in this case, held on January 18, 2000. Three months later, at the April 3, 2000 hearing, the question of what evidence was disputed remained in doubt. Similarly, the failure of Defendant to specify the legal grounds upon which it was urged that the evidence should be suppressed was also not resolved by the pleadings filed by Defendant, and the factual issues to be resolved at a hearing were not made evident by Defendant's pleadings.

It is possible to read Defendant's pleadings as urging that all of the evidence should be suppressed because it was obtained as a result of an illegal arrest. Since this argument is not developed in any way, we dispose of it by simply noting that a preliminary hearing was held in this matter, following which the Magistrate Judge noted: "I don't have any difficulty finding probable cause." [Docket No. 29, p. 16]. We do not find any basis to adopt the suggestion of counsel for Defendant at oral argument that this Court should hold another hearing to again determine probable cause, this time for the purpose of deciding evidentiary issues.

We consider below the evidence which has at one time or another been contested by Defendant.

### Weapon and Cocaine

Defendant's moving papers do not set forth the circumstances under which it is claimed that the Government came into possession of the weapon and the cocaine which is the subject of this motion. There is thus no basis upon which Defendant can make any claim concerning this evidence, nor any need for a hearing before denying the motion. Defendant's pleadings make generalized assertions concerning the requirements of the Fourth Amendment, but reveal no legal or factual grounds upon which this evidence should be suppressed.

We have on our own examined the record of the Preliminary Hearing in this matter, held on November 1, 1999, at which counsel for Defendant was present. [Docket No. 29]. According to the transcript of the Preliminary Hearing, Defendant was with five or six other people. Police officers approached, identified themselves as such, and asked them to stay where they were. Some of the people fled. Defendant did not. "He took about four or five steps, as they reported, he went to some shrubs in the back area of the alleyway, began to kind of kneel down. Both Officer Castello and Stebert observed Mr. Starks put his hand, place his hands in his waistband, remove a silver and black pistol, place it on the ground. Then they also observed him place a, place a small plastic bag next to that firearm.... They then ordered him away from the firearm, placed him on the ground, handcuffed him and secured him, placed him in their vehicle.... There's a sergeant from their precinct who was on scene. That sergeant had a camera and Officer Stebert took photos of the items prior to taking them into custody." Docket No. 29, pp. 5–7.

Defendant's moving papers do not suggest any constitutional or other legal argument as to the admissibility of these items. "It is well established that the burdens of production and persuasion generally rest upon the movant in a suppression hearing." *United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir.), *cert. denied* 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249 (1977). The Court went on to note that even in those circumstances where the Government has the ultimate burden of persuasion, Defendant has the initial burden of making a prima facie showing of illegality. *de la Fuente*, 548 F.2d at 534. Defendant has not done that here. He does not claim to have any expectation of

privacy in the place from which those items were taken, nor does he claim to have any ownership, possessory or other interest in the firearm or the drugs. The evidence is admissible under these circumstances. *United States v. McCaster*, 193 F.3d 930, 933 (8th Cir.1999); *United States v. Washington*, 197 F.3d 1214, 1216 (8th Cir.1999).

The mere fact that possession of the firearm is an element of the offense with which he is charged does not provide Defendant with any basis upon which to contest the admissibility of these items. *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Defendant relies upon *United States v. Morales*, 737 F.2d 761 (8th Cir.1984). But this case merely holds that the Government may not take a position concerning a defendant's legitimate expectation of privacy for purposes of trial which is inconsistent with the position taken at the motions hearing concerning the admissibility of the evidence. This same standard applies to the defendant. Requiring that the defendant claim and explain a reasonable expectation of privacy as a condition for a challenge to the admissibility of the evidence insures that the defendant, like the Government, will not be permitted to take inconsistent positions on these issues, the objective being to learn the facts.

***October 28, 1999 Statement***

■ Defendant provided a statement to the police on October 28, 1999. Defendant asks that it be suppressed. In some of their written pleadings, counsel for Defendant urge that this statement should be suppressed based on the alleged failure to give a *Miranda* warning. At oral argument they did not make this claim. We reject the *Miranda* argument upon three grounds. First, it is to be expected that the arguments advanced by counsel at oral argument will govern any inconsistency in their written pleadings. Second, the failure to specify facts to support the claim is fatal. In *United States v. Harris*, 914 F.2d 927, 933 (7th Cir.1990), the Court rejected a defendant's claim that he did not receive proper *Miranda* warnings, noting that "a hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one."

There is an additional reason for denying the Motion in this case. The statement at issue was tape-recorded. Defendant's counsel do not state whether they have listened to the tape recording, but we cannot imagine that they have failed to do so. It would be improper to assert by Motion that a *Miranda* warning was not given, if the tape recording reveals that it in fact was. See *Rodriguez v. Young*, 708 F.Supp. 971, 982 (E.D.Wi.1989), *aff'd*, 906 F.2d 1153 (7th Cir. 1990), *cert. denied*, 498 U.S. 1035, 111 S.Ct. 698, 112 L.Ed.2d 688 (1991) ("The Court rejects the petitioner's argument that a defense attorney should not assess the strength of a motion before bringing it. To the contrary, a defense attorney has an obligation not to bring frivolous motions."). And if the tape recording does *not* disclose the existence of the *Miranda* warning, the Court is unable to imagine how counsel could fail to bring this fact to the attention of the Court, in support of the Motion. That was not done here. In the absence of a dispute concerning the contents of a tape recording, we do not find a basis for a hearing on what it discloses.

■ Defendant also argues that the October 28, 1999 statement was not given voluntarily. He has not called to the attention of the Court any facts which would warrant holding a hearing to determine this issue, nor suggested that a review of the tape recording would support the claim. Again, if the tape recording in fact supports the claim, it would be the responsibility of counsel for defendant to bring this to the attention of the court. That was not done here.

It is true, of course, that there may be an infinite number of facts which could possibly warrant a conclusion that a statement is not voluntary. That it is possible to imagine facts which could render evidence inadmissible is not reason to hold a hearing to determine whether the imaginary facts are so. If a hearing as to *potential* infirmities were required, the hearing would be endless, while counsel for the Government offered testimony intended to contradict every circumstance the mind could hypothesize.

*October 27, 1999 Statement*

█ It appears that on October 27, 1999, while under arrest, Defendant made a statement. Defendant's pleadings do not reveal the content of the statement, to whom it was given, when it was given, the circumstances under which it was given, whether it was given in response to questions, nor any other facts concerning the alleged statement. Counsel for Defendant could not supply the missing information at oral argument. We can find no basis upon which to hold a hearing under these circumstances, nor any basis upon which to recommend that this evidence should be excluded. See *United States v. Crocker*, 510 F.2d 1129, 1135 (10th Cir.1975); *United States v. Diezel*, 608 F.2d 204, 207 (5th Cir.1979) ("First, while the pre-trial burden of proof concerning the voluntariness of a confession rests with the government, the burden is on the movant to make specific factual allegations of illegality."); see also *United States v. Infelise*, 773 F.Supp. 93, 97 (N.D.Ill.1991), *United States v. Doby*, 665 F.Supp. 705, 713 (N.D.Ind.1987).

### Conclusion

Defendant has failed to articulate any cogent reason why the drugs and the weapon nor any of the alleged statements should be suppressed. He has also failed to offer any non-conjectural reason why a hearing should be held to determine any of the facts related to these matters. No evidentiary hearing is required under these circumstances. We recommend that Defendant's "Motions to Suppress Statements, Admissions and Answers and Searches and Seizures II" [Docket Nos. 38 and 39] be denied.

Dated: April 6, 2000.

*RECOMMENDATION*

